McGraw v. Storke.

---

## J. W. McGRAW

v.

## HENRY L. STORKE ET AL.

*Mechanics' Liens—Chap. 82, R. S.—Estoppel.*

1. A party can not complain of error that does not affect him.

2.   Chap. 82, R. S., can have no application to the relations of a hus-
band with a contractor or his sub-contractor touching a contract entered
into by such husband concerning work on a house belonging to his
wife.

[Opinion filed May 2, 1892.]

APPEAL from the Circuit Court of Cook County; the Hon.
MURRAY F. TULEY, Judge, presiding.

Messrs. FRANK B. PEASE and DENEEN & McEWEN, for
appellant.

Mr. WILL B. MOAK, for appellees Storke.

GARY, J.   The appellee Henry L. Storke, made a contract
with one Walker for work to be done upon a house, in which
the whole case shows that Storke had no interest, as it
belonged to his wife.

He filed a bill for the distribution of the amount due to
Walker among sub-contractors under Walker.   There was
no ground for such a bill, as Storke was not the owner of
any interest in the realty, and therefore Chap. 82, Liens,
which provides that " the owner, or any person having such
lien," may file a bill to adjust the rights of all persons
interested in the property, or having liens, had no applica-
tion to his relations with Walker or his sub-contractors.

McGraw had furnished materials to Walker and was made
defendant in the bill, and instead of questioning the right of
Storke to file the bill, alleged that Storke contracted as agent
of his wife, and that he, McGraw, had filed his petition for
a lien.   Issues were made up and the cause referred to a
master, before whom McGraw offered no evidence, and the
master reported an amount in the hands of Storke, to be
divided among other parties who had done work or furnished
materials for the building.

McGraw excepted to the report " because said Circuit
Court is without jurisdiction."   Mrs. Storke then filed a
petition to become a party complainant, which the court

allowed with leave to any of the defendants to ask for a re-reference of the cause. McGraw then filed another exception to the master's report because she was allowed to become a party.

The decree specifically finds that "Henry L. Storke entered into a contract in writing in his own behalf with" Walker for the work on the house, and the truth of this finding, upon an issue McGraw himself presented, is not, and on this record could not, be questioned. That being true, none of the parties dealing with Walker could have any claim on Storke or his wife, or upon the property.

No costs are adjudged against McGraw, and though he is enjoined from prosecuting any claim against Henry L. Storke or the property, yet as he has no valid claim against either, however irregular the whole case, he is not injured. The finding in the decree, if set up in a supplemental answer to his petition, would bar that suit.   1 Dan. Ch. 780; Herm. Estop., Sec. 120, and the injunction is only a shorter path to the same goal.

It is said in Gage v. DuPuy, 134 Ill. 132, "It has been so repeatedly held, in chancery as well as in common law proceedings, that a party can not complain of error that does not affect him, that citation of authority is unnecessary."

It is upon this specific ground that we affirm the decree.

*Decree affirmed.*